UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-62561-CIV-COOKE/BANDSTRA

REGENCY TOWER SOUTH
ASSOCIATION, INC.,

    Plaintiff,
v.

QBE INSURANCE CORPORATION,

    Defendant.
_____/

## ORDER DENYING MOTION TO REMAND

THIS CAUSE is before the Court on Plaintiff's Motion to Remand (ECF No. 3). Plaintiff argues that remand is proper because the Circuit Court of the Seventeenth Judicial Circuit in and for Broward, County, Florida has proper jurisdiction over this matter. Defendant argues that it has complied with the requirements of removal and that this Court has jurisdiction based upon diversity of the parties. I have reviewed the record, the arguments and the relevant legal authorities. For the reasons explained below, Plaintiff's motion is denied.

### BACKGROUND

In 2005, Defendant QBE Insurance Corporation issued a commercial property insurance policy to Plaintiff Regency Tower South Association, Inc. effective from January 1, 2005 to January 1, 2006 (the "Policy"). Plaintiff asserts that its property sustained damage as result of Hurricane Wilma and/or hurricane related events during the time when the Policy was in full force and effect. Plaintiff filed a claim under the Policy that was ultimately denied by Defendant. On October 22, 2010, Plaintiff filed an action for breach of contract against Defendant in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County,

Florida. Defendant received service of process on November 4, 2010. On December 2, 2010, Plaintiff filed a Sworn Statement in Proof of Loss that identified the amount in controversy to be in excess of six million dollars. On December 31, 2010, Defendant filed a timely Notice of Removal (ECF No. 1).

### DISCUSSION

A federal district court has original jurisdiction, based in diversity, "where the amount in controversy exceed the sum or value of $75,000, exclusive of interests and costs, and is between … citizens of different states." 28 U.S.C. § 1332(a)(1). Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

It is well established that there must be complete diversity of citizenship between opposing litigants seeking adjudication in federal court. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). For purposes of establishing diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. 1332(c)(1). Defendant is a Pennsylvania corporation with its principal place of business in New York. Plaintiff is a Florida corporation. Accordingly, complete diversity exists between the parties. As stated above, the amount in controversy in this case is easily satisfied because Plaintiff is seeking damages in excess of six million dollars.

Plaintiff argues that remand is proper because Defendant waived its right to removal. Specifically, Plaintiff suggests that Defendant should be precluded from removal because

Defendant has failed to remove other state court actions of which it is a party Defendant. The determination of whether a state court defendant waives its right to removal must be made on a case-by-case basis. *See Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004). Notwithstanding the lack of legal support for Plaintiff's argument in favor of remand, the existence of other actions unrelated to the case at issue is not dispositive of whether Defendant has waived its right to removal. The underlying facts and its procedural posture of this case establish that it is properly before this Court.

## CONCLUSION

For the above reasons set forth above, I hereby **ORDER and ADJUDGE** that Plaintiff's Motion to Remand (ECF No. 3) is **DENIED.**

**DONE and ORDERED** in chambers at Miami, Florida this 31st day of March 2011.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of Record*